UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Margaret Cone,

      Plaintiff,

v.                              Case No. 16-11306

Mark Tessler, *et al.*,            Sean F. Cox
                                    United States District Court Judge

      Defendants.

_____/

## OPINION & ORDER

Plaintiff Margaret Cone ("Cone" or "Plaintiff") filed this action against three defendants, based upon an alleged failed relationship they had involving an educational program that Cone wished to have hosted at the University of Michigan. The matter is currently before the Court on Motions to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), by Defendants. The motions are complicated by the fact that: 1) the three defendants each filed a separate motion, even though they were raising the same or very similar challenges; 2) Cone filed a First Amended Complaint, including additional allegations, *after* Defendants had filed their motions; and 3) both sides make references to Cone's original complaint rather than the First Amended Complaint. Defendant Howell has also filed a motion seeking Rule 11 sanctions.

In addition, on August 31, 2016, Cone's counsel filed a "Motion for Leave to file Supplemental Memorandum in Support of Plaintiff's Opposition To Defendants' Motions to Dismiss," which counsel incorrectly filed as a supplemental brief, wherein Cone asks the Court to allow her "permission to Supplement the record with the documents she obtained" in a Freedom of Information Act request.

1

The Court concludes that a hearing on these motions is not warranted.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

As explained below, with the exception of the breach of contract claim and promissory estoppel/unjust enrichment claims asserted against Howell, the Court shall deny the motions to dismiss, because the statute of limitations challenges appears to lack merit and the other challenges appear to be more appropriately raised at the summary-judgment phase of the case. The breach of contract and promissory estoppel/unjust enrichment claims asserted against Defendant Howell shall be dismissed as time-barred.  The Court shall deny Howell's Motion for Sanctions for lack of merit.  Finally, the Court shall deny Cone's motion to supplement record because this is a motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), not a motion for summary judgment.

## BACKGROUND

**Procedural Background**

There have now been at least three civil actions that have been filed, in both state and federal courts, that relate to the underlying dispute.

### Case Number 14-13852, Assigned To Judge Murphy

On October 6, 2014, The World Leadership Program Institute filed suit in the United States District Court for the Eastern District of Michigan, based on federal-question jurisdiction. That suit was filed against the three Defendants in this case (Tessler, Jackson, and Howell), along with the Board of Regents of the University of Michigan, the Center for Political studies, and the Institute for Social Research.  That case, Case Number 14-13852, was assigned to the Honorable Stephen J. Murphy.

The complaint included the following counts: 1) Breach of Contract, asserted against Tessler and Jackson (but not Howell); 2) Fraud and Misrepresentation asserted against all Defendants; 3) Unjust Enrichment, asserted against Tessler and Jackson (but not Howell); 4) Promissory Estoppel, asserted against Tessler and Jackson (but not Howell); and 5) a § 1983 claim for unlawful deprivation of property.

In an Opinion & Order issued on April 28, 2015, Judge Murphy dismissed the § 1983 claim as barred by the applicable statute of limitations. Having dismissed the only federal claim in the action, Judge Murphy declined to exercise supplemental jurisdiction over the remaining state-law claims and dismissed those claims *without prejudice* on April 28, 2015.

**Case Number 15-655 In Washtenaw County Circuit Court**

On June 30, 2015, The World Leadership Program Institute filed suit in Washtenaw County Circuit Court, and asserted claims against the three Defendants in this case (Tessler, Jackson, and Howell), along with Nancy Burns. That case, Case Number 15-655, was assigned to the Honorable David S. Swartz. That claims in that action included: 1) Breach of Contract; 2) Fraud and Misrepresentation; and 3) Unjust Enrichment and Promissory Estoppel claims.

In an Order issued on November 4, 2015, Judge Swartz granted motions for summary disposition filed by each of the defendants in that case, including Tessler, Jackson, and Howell, and dismissed the World Leadership Program Institute's claims "with prejudice" and sanctioned it $5,000.00 for filing a frivolous action.

Cone claims that the complaint in that action "was dismissed for the reason that WLPI was not the proper party," (*see* D.E. No. 11 at Pg ID 209) but the exhibit that she cites to support that assertion is simply a docket sheet from the case. Thus, this Court does not know the

3

grounds on which the court dismissed the claims with prejudice.  That case was closed on November 4, 2015.

**This Case**

On April 8, 2016, Plaintiff Margaret Cone filed this action against Tessler, Jackson, and Howell.  Plaintiff's original complaint includes three counts: 1) Breach of Contract (Count I); 2) Fraudulent Misrepresentation (Count II); and Promissory Estoppel (Count III).  The complaint is quite lengthy and details the alleged failed relationship among the parties.

On May 5th and 6th, each of the three Defendants filed their own separate Motion to Dismiss, brought under Fed. R. Civ. P. 12(b)(6).  (D.E. Nos. 6/7,[1] 8, and 9).

On May 27, 2016, Plaintiff's Counsel filed responses to the three motions (D.E. Nos. 11, 12, and 13), and on that same date, filed a First Amended Complaint.  (D.E. No. 14).  On June 1, 2016, Plaintiff filed a corrected response to Jackson's motion.  (D.E. No. 15).

Plaintiff's First Amended Complaint is against the same three Defendants and it asserts the same three counts, except that it adds unjust enrichment to Count III.  It appears that Plaintiff amended the complaint in order to add paragraphs 41, 87(E), 93, 95 (A-D), and to add some language to paragraph 102.

On June 10, 2016, Defense Counsel filed reply briefs in support of all three motions. (D.E. Nos. 16, 17, and 18).

On June 14, 2016, Defendant Howell filed a Motion for Rule 11 Sanctions, which has been fully briefed.  (*See* D.E. Nos. 19, 21, and 22).

On August 31, 2016, Plaintiff's Counsel filed a Motion for Leave for to file

---

[1]Defense Counsel filed the same motion on behalf of Tessler twice.

4

Supplemental Memorandum in Support of Plaintiff's Opposition To Defendants' Motions to Dismiss.

## ANALYSIS

### I.      Motions To Dismiss

While each Defendant filed their own separate Motion to Dismiss, they all raise the same challenges to Cone's claims.

### A.      Are Cone's Claims Barred By The Statute Of Limitations?

Tessler, Jackson, and Howell contend that all three claims asserted against them are untimely.  They assert that, under Michigan law, a six-year statute of limitations applies to each and Cone agrees.

The parties also agree that, under Michigan law, the applicable statute of limitations is tolled with respect to claims in a prior lawsuit that were not adjudicated on the merits and that tolling can apply even if the prior lawsuit was not brought by the same plaintiff, as long as the new plaintiff represents the same interests.

Where the parties disagree is as to whether the prior lawsuits were adjudicated on the merits.  Cone proceeds as if tolling applies to both prior cases.  Defendants do not dispute that the case before Judge Murphy, as to the state-law claims, was dismissed without prejudice. Defendants contend, however, that tolling should not apply to the case before Judge Swartz because there was a ruling, based on a summary disposition motion that the court ruled on, and the claims were dismissed with prejudice.

The Court agrees that tolling does not apply to the case before Judge Swartz.  But the problem for Defendants is that the case before Judge Murphy did toll the limitations period as to

the claims asserted in that action. Defendants' briefs do not make calculations based on the one, but not the other, case being tolled.

### 1. Breach Of Contract Claims

The tolling of the case before Judge Murphy was enough to make Cone's breach of claims against Tessler and Jackson in this action timely.

Defendants each contend that Cone's breach of contract claim against them accrued by late March of 2010. Cone asserts that her breach of contract claim against Tessler and Jackson accrued on February 12, 2010 (DE 12 at Pg ID 273 and DE 15 Pg ID 452) and her claim against Howell accrued on February 18, 2010 (D.E. 11 at Pg ID 207). Thus, Cone concedes an even earlier accrual date than that claimed by Defendants.

A six-year period of limitation is 2190 days. Using Cone's accrual dates of February 12, 2010 and February 18, 2010, her claims in this action filed on April 8, 2016 are untimely unless tolling applies. That is because either 2241 or 2247 days elapsed between the accrual date and the filing date of this action. Thus, Cone's breach of claims can only be timely if tolling applies.

The case before Judge Murphy was filed on August 6, 2014, and was dismissed without prejudice on April 8, 2015. That is 245 days and that means the breach of contract claims asserted against Tessler and Jackson in this action are timely.

Notably, however, the breach of contract claims in the action before Judge Murphy *were not* asserted against Howell. Thus, that action does not toll the limitations period for a breach of contract action against Howell. The Court shall dismiss the breach of contract claim against Howell as untimely.

### 2. Fraudulent Misrepresentation Claims

6

Tessler notes that Plaintiff does not allege when his alleged misrepresentations were made. He asserts that the latest date of any such representations would be January of 2010. (D.E. No. 6 at Pg ID 62). January 1, 2010 to the filing date of April 8, 2016 amounts to 2289 days. Thus, the claim is untimely unless tolling applies. With Judge Murphy's case tolled for 245 days, the claim against Tessler is timely.

Howell and Jackson appear to contend that the fraud claim against them accrued by March of 2010. Cone appears to contend it accrued in January of 2010. Thus, with tolling of the case before Judge Murphy, this claim is also timely against Howell and Jackson.

### 3.     Promissory Estoppel/Unjust Enrichment Claims

Both Plaintiff and Tessler contend that this claim accrued in March of 2010. As such, it would be timely just like the breach of contract claim.

Howell's motion proceeds as if this claim is not asserted against him. After he filed his motion, however, Cone amended her complaint to include promises made by him. But no unjust enrichment or promissory estoppel claims were asserted against Howell in the case before Judge Murphy. Thus, they are untimely as to Howell.

Sherman contends that this claim accrued in March of 2010. As such it would be timely just like the breach of contract claim against him.

### 4.     New Res Judicata Claims, Raised For The First Time In Reply Briefs

In their reply briefs, Defendants contend that if Cone claims that she represents the same interests as the plaintiff in the prior cases before Judge Murphy and Judge Swartz, then her claims are barred by the doctrine of res judicata by the judgment obtained in the case before Judge Swartz. This argument, however, was raised for the first time in the reply briefs.

7

Moreover, this Court does not have the summary diposition motions that were filed in that case that led Judge Swartz to dismiss the claims asserted in that case, so this Court is unaware of the court's basis for its rulings. As such, it appears that the res judicata challenges would be more appropriately addressed at the summary judgment phase of this action.

**B.      Does Plaintiff Fail To State A Breach Of Contract Claim?**

Next, each Defendant asserts that Cone fails to state a breach of contract claim against them and they make the same challenges. Because the breach of contract claim against Howell is untimely, this challenge need only be considered as to Tessler and Jackson.

Rather than challenge some element of a breach of contract claim, Defendants first argue that the breach of contract count should be dismissed because Cone's factual allegations, or its email attachments, make it clear that any alleged agreement she had was really with the University of Michigan and not with any of the individual Defendants named in this case. While the alleged agreement certainly involved the program being hosted at the University of Michigan, Cone has alleged that she had a contractual agreement with Defendants and that Defendants breached their own personal contractual promises. The Court shall deny this challenge and allow the claim to proceed. If Defendants wish to challenge the factual support for this claim, they can may so at the summary judgment phase.

As their second argument, Defendants contend the breach of contract claims should be dismissed because any actions the Defendants took were for a disclosed principal. Thus, Jackson argues that any agreements he made could only have been made for his employer, the University of Michigan. Tessler argues the same thing. But they have not directed the Court to any cases wherein a breach of contract claim has been dismissed at the motion to dismiss phase, especially

8

where, as here, the plaintiff contends that the agent was acting without the authority or approval of the alleged principal.  It therefore appears that these challenges would be more appropriately addressed at the summary judgment phase of this action.

### C. Do Cone's Fraudulent Misrepresentation Claims Fail Because The Alleged Representations Were Of Future Conduct?

The parties agree that, under Michigan law, to establish a claim for fraudulent misrepresentation the plaintiff must establish the following elements: 1) that defendant made a material misrepresentation; 2) that the representation was false; 3) the defendant knew when the representation was made that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; 4) the defendant made the representation with the intention that it should be acted upon by the plaintiff; 5) the plaintiff acted in reliance upon the misrepresentation; and 6) the plaintiff suffered damages.

In seeking dismissal of the fraudulent misrepresentation claims against them, Tessler and Sherman each assert that Cone "has not alleged facts that support all of the elements of fraud claim against" him.  (*See, e.g.*, D.E. No. 6 at Pg ID).  The only alleged deficiency discussed in their respective opening motions and briefs, however, is that some of their alleged misrepresentations involve future conduct and not past or present facts.  Citing *Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336 (1976), Defendants contend that the fraud claims asserted against them should be dismissed because they are based upon representations of future conduct.

Howell's separate Motion to Dismiss, filed before Cone filed her First Amended Complaint, does not challenge the fraudulent misrepresentation claim because he did not believe it was asserted against him.  But it is now.

In response to the motions, Cone argues, among other things, that future promises can be actionable as fraud when the promises were made in bad faith without the intention to perform.

In Defendants' Reply Briefs, they change course and, rather than focus on promises of future conduct, they improperly raise new challenges to the fraud claims. And Howell's Reply Brief challenges the fraud claim asserted against him for the first time, asserting that statements discussed in Cone's brief were not made by Howell. But Cone's First Amended Complaint includes alleged misrepresentations made by Howell. (First Am. Compl. at ¶ 93).

The Court concludes that the only challenge to this Count that was properly raised in Defendants' motions lacks merit. As this Court has previously recognized:

> Under Michigan law, the essential elements of a fraud claim are: 1) the defendant made a material misrepresentation; 2) the representation is false; 3) when the defendant made the representation, the defendant knew that it was false; 4) the defendant made the representation with the intention that the plaintiff would act upon it; 5) that plaintiff acted in reliance upon it; and 6) that he thereby suffered injury. *Hi-Way Motor Company v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813 (1976).
> "Generally, a claim of fraud cannot be based on a promise of future conduct." *Derderian v. Genesys Health Care Sys.*, 263 Mich.App. 364, 378, 689 N.W.2d 145 (2004) (citing *Hi-Way Motor, supra* ). Rather, an action for fraud must be "predicated upon a statement relating to a past or existing fact. Future promises are contractual and do not constitute fraud." *Hi-Way Motor*, 398 Mich. at 336, 247 N.W.2d 813. "An exception to this rule exists, however, if a promise is made in bad faith without the intention to perform it." *Derderian,* 263 Mich.App. at 379, 689 N.W.2d 145.

*Acme Contracting, Ltd. v. Toltest, Inc.*, 2008 WL 240836 at * 8 (E.D. Mich. 2008). Here, Cone alleges that Defendants made the misrepresentations alleged in the First Amended Complaint knowing that they were false at the time they were made.

**D.    Does Plaintiff's Promissory Estoppel Claim Fail Because Plaintiff Has Not Alleged A Clear Promise Made By Defendants Upon Which She Relied To Her Detriment?**

In Count III of Cone's First Amended Complaint, titled "Promissory Estoppel [and] Unjust Enrichment," Cone alleges:

101.    Plaintiff incorporates the allegations contained in paragraphs 1-97 above as though fully set forth herein.

102.    Defendants Jackson, Tessler and Howell promised to host the WLP at the University of Michigan International Institute under the faculty direction of Defendant Jackson, that they would provide faculty, curriculum, classroom space, course materials and administrative support and staff for the WLP as well as manage the WLP Funds according to the approved budget.

103.    In reliance on Defendants' promises Plaintiff sought and obtained the WLP Funds in the amount of $2,033,590.00 from the UAE.

104.    Defendants never performed their promises, kept in excess of $820,000.000 of the WLP Funds and then returned the remaining Funds, approximately $1,200,000.00, to the UAE.

105.    As a result of Defendants' failure to host the WLP, provide administrative support, faculty, curriculum and to properly administer the WLP Funds in their possession, Plaintiff suffered damages in the amount of $438,155.68 in out of pocket expenses, in excess of $300,000.00 in expected profits from the 2010 Program, and in excess of $1,200,000.00 in loss of reputation and loss of expected profits from subsequent years; Programs funded by the UAE.

106.    Defendants will be unjustly enriched if they are allowed to keep the $820,053.00 despite their failure to perform any of their promises.

(First Am. Compl. at 20).

Although this Count is framed as both a promissory estoppel and unjust enrichment claim, Defendants challenge it as a promissory estoppel claim. Because the unjust enrichment/promissory estoppel claim against Howell is untimely, this challenge need only be considered as to Tessler and Jackson.

A promissory estoppel claim under Michigan law requires: 1) a promise; 2) that the promisor reasonably should have expected to induce action by the promisee; 3) and which produces detrimental reliance or forebearance by the promisee. *APJ Assocs., Inc. v. North Am. Phillips Corp.*, 317 F.3d 610, 617 (6th Cir. 2003) (citations omitted).

11

Each Defendant makes a very cursory challenge to the promissory estoppel claim asserted against him in their opening brief, and none of them even reference these challenges in their reply briefs. The Court rejects these cursory challenges and shall allow these claims to proceed.  If Defendants have fact-based challenges to the claims, they can raise those at the summary judgment phase of the litigation.

Jackson challenges the promissory estoppel claim asserted against him because Cone does not allege that she relied on his promises to "spend her own money or to take any profit from WLP" but even he notes that Cone does allege damages from her reliance on his alleged promises.  (Sherman's Br. at 114-15).

Tessler challenges the promissory estoppel claim asserted against him.  Tessler contends that Cone cannot establish reliance on his alleged promises because Cone sought and obtained the UAE funds before she was even introduced to him.  But Tessler does not direct the Court to any allegations wherein Cone affirmatively represents the first date on which she was introduced to him.  This appears to be a fact-based challenged that is more appropriately raised at the summary judgment phase of the litigation.

## II.    Defendant Howell's Motion For Rule 11 Sanctions

In addition to his Motion to Dismiss, Defendant Howell also filed a motion for sanctions, asserting that Cone's claims against him were filed in violation of Fed. R. Civ. P. 11 because they "lack evidentiary support" and are contrary to her previous court filings in the other two actions.

The Court shall deny this motion.  This Court is dismissing the breach of contract and promissory estoppel/unjust enrichment claims against Howell as untimely under the applicable

12

statutes of limitations.  Given that this is a motion to dismiss, it would be inappropriate to sanction a plaintiff for filing a claim without evidentiary support.  This is because the Court does not weigh the evidentiary support for a claim at the motion to dismiss stage.  In addition, the fact that Cone did not previously include Howell in her breach of contract claims in other cases does not mean that she could not have a viable claim against him.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Motions to Dismiss filed by Defendants Tessler and Jackson are DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Howell is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED to the extent that Plaintiff's Breach of Contract and Promissory Estoppel/Unjust Enrichment claims against Howell are DISMISSED as untimely.  The motion is DENIED in all other respects.

IT IS FURTHER ORDERED that Defendant Howell's Rule 11 Motion for Sanctions, and Plaintiffs' Motion for "Motion for Leave to file Supplemental Memorandum in Support of Plaintiff's Opposition To Defendants' Motions to Dismiss," are DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 21, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

13