# EXHIBIT 3

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

THE WORLD LEADERSHIP PROGRAM INSTITUTE,
a District of Columbia not for profit organization

Plaintiff,

v. Case No. 15-655-CK

MARK TESSLER, SHERMAN JACKSON,
NANCY BURNS, and DAVID HOWELL
jointly and severally

Defendant.
_________________________./

Honorable David Swartz, Circuit Judge
Motion for Summary Disposition
Wednesday, October 14, 2015 - Ann Arbor, Michigan

APPEARANCES:

FOR THE PLAINTIFF:
MARK L. TEICHER (P34301)
Law office of Mark L. Teicher
7457 Franklin Road, Suite 230
Bloomfield Township, Michigan 48301
(734) 737-7700

FOR THE DEFENDANT:
THOMAS B. BOURQUE (P46595)
Eby Conner Smillie and Bourque, PLLC
320 Miller Avenue, Suite 190
Ann Arbor, Michigan 48103
(734)769-2691

REPORTED BY:
AMY SHANKLETON-NOVESS (CER 0838)
Modern Court Reporting, L.L.C.
SCAO Firm No. 08228
101-A North Lewis Street
Saline, Michigan 48176
(734) 429-9143/mg

FILED
WASHTENAW COUNTY MICHIGAN
DEC 08 2015
LAWRENCE KESTENBAUM
COUNTY CLERK/REGISTER

TABLE OF CONTENTS

WITNESSES: PAGE:

None.

EXHIBITS: MARKED:

None.

Ann Arbor, Michigan

Wednesday, October 14, 2015 - 1:41 p.m.

THE CLERK: Number one, World Leadership Program Institute versus Nancy Burns, case number 15-655CK.

MR. TEICHER: Good afternoon, Your Honor, Mark Teicher for defendant, and this is Margaret Cone representative of the plaintiff.

THE PLAINTIFF: Plaintiff.

MR. TEICHER: Plaintiff.

THE COURT: Plaintiff.

THE PLAINTIFF: Right.

MR. TEICHER: This morning I had a case where I was defendant.

THE PLAINTIFF: Over?

MR. TEICHER: Yes, sir.

MR. BOURQUE: Good afternoon, Your Honor, Tom Bourque on behalf of defendants Mark Tessler, Sherman Jackson, David Howell, and Nancy Burns.

This is the time and place we have four motions for summary disposition, one on behalf of each of the individual defendants. There's also a motion for protective order for Mr. Howell but I presume you'd prefer to deal with the summary dispositions --

THE COURT: Yes.

MR. BOURQUE: -- so that we can decide whether

that's necessary.

THE COURT: Please.

MR. BOURQUE: These have been extensively briefed. Each of the individual defendants has filed a motion. They are primarily similar because the Complaint alleges four causes of action. One for breach of contact but that's only against Jackson and Tessler. One for fraud against all four of the defendants. They claim for promissory estoppel against all of the defendants and a claim for unjust enrichment against all of the defendants.

Those defendants have individual defenses to each of those claims that we've set forth in our brief but I'm not going to go through all of those because there is one unified issue that is a defense for all four of them and that is that the plaintiff doesn't have standing to bring this case because the plaintiff did not exist at the time of any of the alleged actions that are -- have claimed to have taken place.

The plaintiff is the World Leadership Program Institute which is a District of Columbia not for profit organization. The -- I don't think there's any dispute that it didn't exist as that entity as a District of Columbia organization until October 15, 2010. None of the allegations are relating to any of the defendants go beyond August of 2010, that's the very latest that there's

anything that's even mentioned. In fact, the last sort of action that anybody took was when the University of Michigan sent the remaining money in grant back to the United Arab Emirates in July of 2010. So, it's our position pretty simply that the plaintiff didn't exist therefore it couldn't have obtained any rights or there has no rights that existed.

None of the defendants could have damaged the plaintiff because it didn't exist, and it simply can't transfer rights to this new entity because there's no entity to assign the rights from. And in -- it doesn't appear that there's any question when the D.C. corporation started, the plaintiff claims now that the D.C. corporation, the plaintiff now, had a predecessor entity and that somehow those entities combine and that the actions supposedly against the previous entity would therefore transfer to the present plaintiff.

We don't think there's a disputed issue of fact as a result on those issues for the following reasons: the articles of, in the District of Columbia, don't show any predecessor entity, don't show anything that would even suggest that there was a predecessor entity and don't suggest the predecessor entity that the plaintiffs are now claiming which is the East West Learning Initiative, it's two I's. Sorry, I can't remember what exactly it's

called. That -- there was a corporation set up in Michigan back in 2008, I believe, called the East West Learning Initiative, something -- Institute, I believe and the corporate records which we've attached from the state of Michigan show that there's the articles don't suggest the words World Leadership Program or World Leadership Program Institute, doesn't exist anywhere in those documents and they haven't shown any that did, and that in January of 2011, after all of this occurred, Ms. Cone, who's apparently here in the courtroom today filed a dissolution request with the state and in that said that the entity had never done any business, had never actually started operations. The plaintiff claims that there were certain things that this East West Learning Initiative Institute did but they haven't actually provided any evidence in the record for any of those things. They describe tax ID numbers for various things, they don't show how those in any way connected with World Leadership Program Institute. And, there's nothing in any of the records that were attached to this Complaint and they were extensive with emails, et cetera, that ever mentioned the plaintiff or that ever mentioned East West Learning Initiative Institute so, neither of those entities are mentioned in any of the documents that were attached to the Complaint. East West wasn't mentioned anywhere in the

allegations, and there's no record connection between the two.

So, to make it as simple as possible is that, there can't be a cause of action that arises for an entity that doesn't exist yet. And, they can't -- that entity can't be damaged if it doesn't exist yet. And there is no evidence that this entity, that is the present plaintiff, existed during any of the timeframe when the actions that the defendants are alleged to have taken, occurred.

And, for that reason, we think that as to all four defendants is a simple solution is that the plaintiff doesn't have standing to make any of those four claims against two of the defendants and three claims against the other defendants.

And, if the Court has any questions about any of the things that are in the briefs, I will be happy to answer that.

THE COURT: Thank you.

MR. TEICHER: Your Honor, defendant is correct in that the East West Learning Initiative Inc. was in fact a properly documented 501(c)3 Michigan during this time that in fact Margaret Cone, who's a licensed Michigan attorney, was living in Ann Arbor and in Michigan all during that time that the East West Learning Initiative Inc. got a tax ID number, got its 501(c)3 status from the

IRS and in fact, in her moving to Washington D.C., she was advised to set up a new corporation because she moved to D.C. she used the same, she was able to transfer -- the IRS approved the same taxpayer ID number because it was doing the same thing to World Leadership Program when she filed it as a D.C. corporation. And, the board members are the same. Margaret Cone who was the president of both, is the same. The taxpayer identification number was the same. It was the same entity with everything transferred; bank accounts, everything and again, the principle reason was that she had moved to D.C. and was operating out of Washington D.C. at that point and in fact, everything was properly done and although the name didn't exist when this happened it was in fact, everything was transferred and moved on to the new corporation which is our plaintiff here.

THE COURT: Thank you.

Plaintiff filed -- plaintiff WLP filed its second lawsuit in Michigan against defendants for various claims including breach of contract, promissory estoppel, fraud, and unjust enrichment. And prior to federal court action filed by plaintiff against the University of Michigan and the individual defendants for unlawful deprivation of property was dismissed earlier this year pursuant to the federal court's finding that plaintiffs

claims were, "...clearly barred by the statute of limitations."

Defendants filed four separate, but similar, motions where summary disposition pursuant to MCR 2.116 (c)(8) and (10), seeking dismissal with plaintiff's complaint, the motion filed under MCR 2.116(c)(8) tests the legal sufficiency of the claims. The motion may not be supported with documentary evidence, however, whenever a claim where defense is based on written instruments that are attached to pleadings are referenced by the parties in their pleadings pursuant to MCR 2.113(F)(2) -- (f)(1) and (2) the written instruments are incorporated into a considered part of the pleadings. Laurel Woods Apartments versus Najah Roumayah, 274 Mich.App. 622, 635. Under subsection (c)8 the Court must determined solely based on the pleadings whether plaintiff's claims are so clearly and enforceable as a matter of law that no factual development could establish the claims and justify recovery.

All factual allegations in the -- in support of the claims as well as any reasonable inferences or conclusions which may be drawn from the facts are accepted as true and are construed in a likeness favorable to the non moving party, Maiden versus Rozwood 461 Michigan 109, 119. ]Defendants present in their separate briefs a

common argument that plaintiff's complaint is properly dismissed because, "...the plaintiff entity didn't not exist at the time of the alleged contract." In support of the argument, defendants attach evidence of public records demonstrating as plaintiff apparently concedes, the plaintiff was not in existence until October 2010, well after the events complained of came to a close on or about July 2010.

Defendants present further proof that the Michigan corporation relied on by plaintiff was formed in 2008 and there's no proof of a formal name change filed after that date, and that the corporation was formally dissolved on or about January 2011.

In response to the defendants argument that plaintiff entity is no standing, plaintiff argues that it is proper party and, "... has the legal basis to bring this action" because, "...plaintiff is a viable nonprofit corporation that existed prior to and during the activities in question as a Michigan nonprofit corporation, the East West Learning Initiative Inc. headquartered in Washington D.C."

Further, plaintiff explains without benefit of accompanying proof that in 2009 there was apparently a name change but that, "...the program remained under the same nonprofit organization umbrella of the East West

Learning Initiative Inc."

Pursuant to MCR 2.116(c)(8) and more specifically, subsection 5 and based on the parties' pleadings, more than 60 pages of attachments, the arguments presented in taking judicial notice of other submitted public records that the plaintiff was not, and has never been a proper and viable entity at all times relevant to the allegations in the Complaint.

In response to the motions, plaintiff has failed to provide any proof that it is and was a viable entity at all times relevant or that there is or was any connection between the alleged Michigan entity that was dissolved prior to the filing of this lawsuit, and plaintiff sufficient to establish standing.

Further, the Court determines that plaintiff has deliberately and blatantly misrepresented its status to the parties and to the Court. Plaintiff's Complaint states on page three, paragraph eight only that it is a District of Columbia nonprofit organization and fails to even mention what plaintiff argues and confirms in its brief that the real party in interest is and was a dissolved Michigan nonprofit corporation identified as the East West Learning Initiative Inc. that was according to plaintiff the entity that, "...received the taxpayer identification number and opened a bank account at the

University of Michigan Credit Union."

There is no proof whatsoever that plaintiff has or ever did have any actual legal and viable connection to the actual entity or real party and interest that was in involved in the events that took place between the parties prior to 2010. Instead the proofs show that plaintiff did not even exist prior to October 2010 and that the real party in interest was formally dissolved as a corporation in 2011 prior to the filing of this lawsuit in 2015.

For the reasons stated, the Court declines plaintiff the opportunity to amend its pleadings, MCR 2.116(i)(5) provides that, "...if the grounds asserted in the motion for summary disposition are based on subsection 2.116(c)(8) the Court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118 unless the evidence then before the Court shows that an amendment would not be justified."

For the reasons stated by defendants, the motions for summary disposition are granted and plaintiff's Complaint is dismissed with prejudice in its entirety. In light of the Court's decision, the Court does not have to reach or consider the defendants' arguments on the remaining claims or motions.

The Court grants defendants' request for sanctions against plaintiff under MCR 2.114(f) for filing

a frivolous claim and assesses costs in the amount of $5,000 to be paid forthwith.

You may present an order.

MR. BOURQUE: Your Honor, I had present -- I had prepared an order simply stating that the motion for granted for the reason on record --

THE COURT: That's fine.

MR. BOURQUE: -- I did not put in anything in there about sanctions. I did put in that the motion for protective order, which was up, was mooted.

THE COURT: That's correct.

MR. BOURQUE: But I didn't put in anything about sanctions in here, so.

THE COURT: If you want them you can, I've ordered them, if you want them then you present an order under the seven day rule.

MR. BOURQUE: Okay. I will do that, Your Honor.

THE COURT: Because it clearly was, in the Court's opinion, blatantly frivolous.

MR. TEICHER: Your Honor --

THE COURT: Yes?

MR. TEICHER: -- If I may address one thing?

THE COURT: Yes.

MR. TEICHER: As to the amount of sanctions --

THE COURT: Yes.

MR. TEICHER: -- that my thought process has always been that the sanctions would be relative to the attorney time or bill expended relative to this matter, so I'm wondering if it would be appropriate to request the -- based on how much time and --

THE COURT: Mr. Bourque, have you expended more than $5,000 in services?

MR. BOURQUE: I believe so, but I don't -- I would have to check my bills and see what they were, but I believe so with all the briefing that's been done.

MR. TEICHER: Perhaps Mr. Bourque and I could talk about --

THE COURT: Sure.

MR. TEICHER: -- amount, and --

THE COURT: That'd be fine. If you determine that it was less, that you spent less than that, I'd be happy to amend it to that amount.

All right?

MR. TEICHER: Yes.

MR. BOURQUE: Thank you, Your Honor.

THE COURT: Court's in recess

THE CLERK: All rise.

(At 1:57 p.m., case concluded.)

STATE OF MICHIGAN

COUNTY OF WASHTENAW )ss.

I certify that this transcript is a complete, true, and correct transcript to the best of my ability of the digital proceedings in the case of THE WORLD LEADERSHIP PROGRAM INSTITUTE v. MARK TESSLER, SHERMAN JACKSON, NANCY BURNS AND DAVID HOWELL on October 15, 2014

Digital proceedings were recorded and provided to this transcriptionist by the Court and this certified reporter accepts no responsibility for any events that occurred during the above proceedings, for any inaudible and/or indiscernible response by any person or party involved in the proceeding or for the content of the digital media provided.

I also certify that I am not a relative or employee of the parties involved and have no financial interest in this case.

DATED: December 1, 2015

s/ Amy Shankleton-Novess

Transcription provided by:
Amy Shankleton-Novess(CER0838)
Modern Court Reporting & Video, L.L.C.