# EXHIBIT 32

Case 2:16-cv-11306-SFC-SDD  ECF No. 88-2, PageID.3513  Filed 05/23/18  Page 2 of 3

Document: COTTER v. DERRICK, 2007 Mich. App. LEXIS 1456

## ◆ COTTER v. DERRICK, 2007 Mich. App. LEXIS 1456

Copy Citation

Court of Appeals of Michigan

May 31, 2007, Decided

No. 274776

**Reporter**
2007 Mich. App. LEXIS 1456 * | 2007 WL 1576386

MICHELLE COTTER, a/k/a MICHELLE SQUIRES, Individually and as Next Friend of BRITTANY ANN KENDALL, a Minor, Plaintiff-Appellant, v DERRICK T. BRITT, M.D., and BATTLE CREEK HEALTH SYSTEM, d/b/a FIELDSTONE CENTER, d/b/a SELECT SPECIALTY HOSPITAL, Defendants-Appellees, and FAMILY HEALTH CENTER OF BATTLE CREEK, d/b/a FAMILY HEALTH CENTER OF ALBION, Defendant.

**Notice:** [*1] THIS IS AN UNPUBLISHED OPINION. IN ACCORDANCE WITH MICHIGAN COURT OF APPEALS RULES, UNPUBLISHED OPINIONS ARE NOT PRECEDENTIALLY BINDING UNDER THE RULES OF STARE DECISIS.

**Prior History:** Calhoun Circuit Court. LC No. 04-004607-NH.

**Disposition:** Affirmed.

### Core Terms

next friend, appointed, summary disposition, real party in interest, statute of limitations, trial court, individual claim

**Judges:** Before: Cooper, P.J., and Murphy and Neff, JJ.

### Opinion

PER CURIAM.

Plaintiff Michelle Cotter, a/k/a Michelle Squires, individually and as next friend of Brittany Ann Kendall, a minor, appeals as of right from the trial court's order granting summary disposition in favor of defendants Derrick T. Britt, M.D., and Battle Creek Health System, d/b/a Fieldstone Center, d/b/a Select Specialty Hospital, in this medical malpractice case. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

On December 21, 2004, plaintiff filed suit alleging that her daughter, Brittany (DOB 3-19-95), suffered physical disabilities as a result of medical malpractice at the time of her birth. The statute of limitations for such an action on Brittany's behalf was 10 years; the last day on which such an action could be filed was March 19, 2005. MCL 600.5851(7). Plaintiff filed suit on behalf of herself [*2] and Brittany. [1]

At the time the complaint was filed, plaintiff had not yet been appointed as next friend for Brittany. [2] A petition for appointment was executed on May 26, 2005, and on June 1, 2005, the trial court appointed plaintiff as Brittany's next friend.

On August 17, 2005, Britt moved for summary disposition pursuant to MCR 2.116(C)(5), (7), and (8). Britt argued that plaintiff's individual claims were barred by the two-year statute of limitations for medical malpractice claims, MCL 600.5805(6), and that plaintiff, in her individual capacity, was not a proper party to the action. Britt maintained that because [*3] Brittany did not have the legal capacity to bring suit on her own behalf, and because a duly appointed next friend did not do so prior to the expiration of the statute of limitations, he was entitled to summary disposition. Battle Creek Health System concurred and joined in the motion.

The trial court held a hearing [3] and granted summary disposition for defendants. The trial court observed that MCR 2.201(B) requires that an action be "prosecuted in the name of the real party in interest," and that in a case involving a minor plaintiff who does not have a conservator, the real party in interest is the minor's next friend. The trial court found that when the instant suit was commenced, plaintiff was not the real party in interest because she had not yet been appointed as next friend for Brittany. Moreover, plaintiff's individual claims were time-barred. Therefore, plaintiff did not have standing to bring suit.

[*4] Defendants moved for summary disposition pursuant to MCR 2.116(C)(5) (lack of capacity to sue), (C)(7) (statute of limitations), and (C)(8) (failure to state a claim). The trial court did not specify under what subrule it granted summary disposition of Brittany's claims. In Leite v Dow Chemical Co, 439 Mich. 920; 478 N.W.2d 892 (1992), our Supreme Court held that a defense based on a claim that a party was not a real party in interest; i.e., that the party lacked standing, is not the same as a claim that the party lacked the legal capacity to sue. Leite, supra, indicated that a motion for summary disposition alleging the real party in interest defense is properly brought under MCR 2.116(C)(8).

We review a trial court's decision on a motion for summary disposition de novo. A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim. It must be decided on the pleadings alone, with all well-pled facts and reasonable inferences

apply to the interpretation of court rules. *In re KH*, 469 Mich. 621, 628; 677 N.W.2d 800 (2004).

An action must be prosecuted in the name of the real party in interest. MCR 2.201(B). "A real party in interest is one who is vested with a right of action in a given claim, although the beneficial interest may be with another." *Rohde v Ann Arbor Pub Schools*, 265 Mich. App. 702, 705; 698 N.W.2d 402 (2005)

A minor cannot sue on his or her own behalf. MCR 2.201(E)(1). If a minor is not represented by a conservator, a next friend must be appointed to pursue an action on behalf of the minor. MCR 2.201(E)(1)(b). A next friend is the real party in interest, even though the beneficial interest rests with the minor. *Rohde, supra*. As a general rule, the appointment of a next friend is made prior to or simultaneously with the filing of a complaint. [*6] See, e.g., *Bowden v Hutzel Hosp*, 252 Mich. App. 566, 569; 652 N.W.2d 529 (2002) (minor's mother appointed as next friend "so that she might commence suit on his behalf"). Plaintiff contends that MCR 2.201(E)(2)(a)(iii), which provides that that if the nomination of a next friend "is not made or approved within 21 days after service of process," the nomination may be made "on motion of the court or a party," allows for the appointment of a next friend after a complaint has been filed on a minor's behalf. However, the language of the subrule does not support plaintiff's assertion. Considered in context, MCR 2.201(E)(2)(a)(iii) becomes relevant when no one steps forward to act as next friend for a minor, and a next friend must be appointed.

Plaintiff cites *Sick v Michigan Aid Ass'n*, 49 Mich. 50; 12 NW 905 (1882), *McDonald v Weir*, 76 Mich. 243; 42 NW 1114 (1889), and *Kamieniecki v Garden City Hosp*, 375 Mich. 257; 134 N.W.2d 219 (1965), as support for her position that a next friend properly may be appointed after a case has [*7] been commenced. However, plaintiff's reliance on these cases is misplaced. In both *Sick, supra*, and *McDonald, supra*, a next friend was appointed for the minor plaintiff late in the proceedings; however, in each case, the adult was a proper party to the suit, and had been since suit was commenced. On that basis, the late appointment of the adult as the minor's next friend was deemed to be harmless error. In the instant case, though, plaintiff was never a proper party in her individual capacity because her individual claims were time-barred. In *Kamieniecki, supra*, the trial court entered a nunc pro tunc order appointing a next friend for the minor just prior to the completion of trial. No issue existed regarding expiration of the statute of limitations. In this case, though, the statute of limitations for Brittany's claims expired prior to entry of the order appointing plaintiff as Brittany's next friend.

Plaintiff cites MCR 2.118(D) as support for her assertion that her late appointment as next friend for Brittany related back to the original date of the filing of the complaint. However, the addition [*8] of a next friend is the addition of a new party, and the relation-back doctrine does not extend to the addition of a new party. See *Yudashkin v Holden*, 247 Mich. App. 642, 649; 637 NW2d 257 (2001).

Finally, relying on MCL 600.5856(a), plaintiff argues that the filing of suit asserting Brittany's claims tolled the statute of limitations, making her appointment as Brittany's next friend timely. However, the filing of a complaint does not necessarily toll the statute of limitations. For example, the filing of a medical malpractice complaint unaccompanied by the required affidavit of merit does not toll the statute of limitations. See *Scarsella v Pollak*, 461 Mich 547, 549; 607 N.W.2d 711 (2000). In the instant case, Brittany could not file suit on her own behalf, and suit was not filed by a properly appointed next friend. We conclude that under the circumstances, the filing of the complaint did not toll the applicable statute of limitations.

While the result may appear harsh, there is no way that plaintiff's suit can proceed. The statute of limitations for filing this action on Brittany's behalf [*9] was 10 years, and the time period for appointing a next friend for the child was the same duration. The failure to take that step within that 10-year period is a procedural deficiency that is simply not a technicality that may be corrected.

The trial court properly granted summary disposition in favor of defendants.

Affirmed

/s/ Jessica R. Cooper

/s/ William B. Murphy

/s/ Janet T. Neff

**Footnotes**

[1] Plaintiff acknowledges that her individual claims were time-barred.

[2] Notwithstanding that undisputed fact, the complaint designated plaintiff as Brittany's "Next Friend."

[3] Prior to the hearing, the parties stipulated to the dismissal of plaintiff's individual claims.