# EXHIBIT 1

2014 WL 2447464
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

UNPUBLISHED
Court of Appeals of Michigan.

Jaklin MAROUGI and Raad
Marougi, Plaintiffs–Appellants,
v.
A. RAMMOUNI PROPERTIES, L.L.C.,
and Lena, Inc., Defendants–Appellees.

Docket No. 310766.
|
May 29, 2014.

Wayne Circuit Court; LC No. 10–006324–CK.

Before: METER, P.J., and CAVANAGH and SAAD, JJ.

**Opinion**

PER CURIAM.

**\*1** Plaintiffs appeal as of right from a circuit court order granting summary disposition to defendants under MCR 2.116(C)(7) and (10). The court ruled that plaintiffs' action was barred by res judicata. We reverse and remand for further proceedings.

This action arises from an allegedly inaccurate financial statement prepared by David Rammouni concerning a gas station that plaintiffs purchased from a third party, Ishkhan Yarminian, who had bought it from defendants. Defendants are entities linked to David Rammouni. In 2008, plaintiffs filed an action against David Rammouni, individually. In that case, the trial court granted summary disposition to Rammouni. In the present case, the trial court commented that "the essence of the [prior] motion for [summary] disposition is that David was not a liable party because he always acted within his corporate capacity."

In 2010, plaintiffs brought this action against the corporate defendants. After defendants moved for summary disposition under MCR 2.116(C)(8) and (10), the trial court sua sponte raised the doctrine of res judicata

and then granted summary disposition to defendants on that basis, explaining:

This Court is satisfied that: (1) the 2008 action was decided on the merits (Court granted Defendants [sic] Motion for Summary Disposition), and (2) using the same transaction test under Michigan law the matter is [sic] this action could have been brought in the 2008 action since it concerns the same real estate transaction and the issues would have made for a convenient trial unit. The issue then comes down to whether Defendants and Plaintiffs are in privity for purposes of res judicata and MCR 2.203(A).[1] For these purposes, under Michigan law privity between a party and a nonparty in an action requires both a substantial identity of interests and a working or functional relationship in which the interests of the nonparty are presented and protected by the party in the litigation. Moreover, a privy includes one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through one of the parties, as by inheritance, succession, or purchase. This Court is satisfied that Defendants and Plaintiffs have the requisite privity for purposes of res judicata. While Plaintiffs obtained their interest through Yarimian, Defendants' seller [sic, buyer], and not directly from Defendants, this Court is satisfied that Plaintiffs are a successor in interest to Defendants and they have a "substantial identity of interests" and a functional relationship where successors [sic] interests were protected in the 2008 case. A perfect identity of interests is not required, only

a substantial one. Here, both Defendants and Plaintiffs wanted or want to litigate issues under the misstated profit and loss statement. As such, this Court is satisfied that res judicata applies and summary disposition is proper under MCR 2.116(C)(7) and (C)(10) because this matter could have been resolved in the 2008 matter and Defendants and Plaintiffs are in privity with each other. [Citations and internal quotation marks omitted.]

**\*2** This Court reviews de novo a trial court's order granting summary disposition. *Washington v. Sinai Hosp. of Greater Detroit*, 478 Mich. 412, 417; 733 NW2d 755 (2007). The applicability of res judicata is a question of law subject to de novo review on appeal. *Id.*

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Id.* at 418 (citation and internal quotation marks omitted). Res judicata requires that: (1) the prior action was decided on the merits, (2) both actions involved the same parties or those in privity with the parties, and (3) the matter presented in the second case was or could have been resolved in the first. *Id.* Plaintiffs argue that the trial court erred in applying the doctrine of res judicata because the prior action was not decided on the merits. A decision granting summary disposition may be a decision on the merits for purposes of res judicata. See, e.g., *id.* at 418–419, and *ABB Paint Finishing, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa,* 223 Mich.App 559, 562–564; 567 NW2d 456 (1997). In *Washington,* 478 Mich. at 418–419, the Court referred to MCR 2.504(B) in determining whether a dismissal was "on the merits." That rule states, in pertinent part:

> Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack or jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits. [MCR 2.504(B)(3).]

Plaintiffs cite *McIntosh v. Miller,* 223 Mich. 285; 193 NW 769 (1923), in support of their argument that dismissal of the prior action was not "on the merits" for purposes of res judicata. That case concerned a property boundary dispute. *Id.* at 286–287. The plaintiffs brought an action against one property owner without including a joint owner. *Id.* at 287. The action went to trial, and the court granted a directed verdict to the defendant based on the plaintiffs' failure to join the additional owner. *Id.* The plaintiffs then brought an ejectment action against both owners. *Id.* The owners moved to dismiss on the basis of "former adjudication," but the court denied their motion, and the plaintiffs prevailed at trial. *Id.* The Michigan Supreme Court held that the trial court correctly denied the motion to dismiss, explaining:

> The first suit was dismissed, not on the merits, but for failure to join a necessary party defendant. Had plaintiff prevailed in the first suit his judgment would have been ineffectual for the reason stated. The former judgment not having been rendered on the merits was not a bar to this action. [*Id.* at 287.]

*McIntosh* is consistent with the current court rule, which indicates that dismissal for failure to join a party does not operate as an adjudication on the merits. MCR 2.504(B) (3). Commentary on the equivalent federal rule, FR Civ. P. 41(b)(3),[2] states that "[t]he provision reflects the long-settled rule that the dismissal does not bar a new action that corrects the deficiency of parties." 18A Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 4438, citing *Hughes v. United States,* 71 U.S. 232; 18 L. Ed 303 (1866), and *Gilman v. Rives,* 35 U.S. 298; 9 L. Ed 432 (1836).

**\*3** In the present case, the trial court stated that the prior action was dismissed because the named defendant, David Rammouni, was the wrong party. The trial court reasoned that because plaintiffs had named Rammouni individually in the prior action and did not name Lena, Inc., or A. Rammouni Properties, L.L.C., plaintiffs were precluded by res judicata from filing a new action that named the omitted defendants. We agree with plaintiffs that the stated basis for dismissal of the 2008 action was not "on the merits" so as to preclude plaintiffs' present action against defendants. Accordingly, we reverse the trial court's order granting summary disposition to defendants

on the basis of res judicata.[3] On remand, the trial court shall consider the alternative arguments raised by defendants in their motion for summary disposition.

Reversed and remanded. We do not retain jurisdiction.

**All Citations**

Not Reported in N.W.2d, 2014 WL 2447464

Footnotes

1   MCR 2.203(A) states:

In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

2   FR Civ. P. 41(b)(3) states:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

3   Although not challenged by plaintiffs, the trial court's analysis of the "same parties" element of res judicata is also flawed. The trial court reasoned that this element was satisfied because, although defendants were not parties to the prior action, "Defendants and Plaintiffs are in privity with each other." It is unclear what the trial court meant by this statement. For purposes of res judicata, privity requires a substantial identity of interests and "a working functional relationship in which the interests of the nonparty are presented and protected by the party in the litigation." *ANR Pipeline Co. v. Dep't of Treasury,* 266 Mich.App 190, 214; 699 NW2d 707 (2005) (citations and internal quotation marks omitted). For the "same parties" element of res judicata to have been satisfied, it would have been necessary for the corporate defendants (not plaintiffs) to be in privity with David Rammouni, the defendant in the prior case. The trial court erred by failing to analyze privity in this manner.

**End of Document**                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.