# EXHIBIT 2

2012 WL 13005826
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan, Southern Division.

Renea GARBER-CISLO, et al., Plaintiffs,
v.
STATE FARM AUTOMOBILE
INSURANCE COMPANY, Defendant.

Case No. 10-13301
|
Signed 04/18/2012

**Attorneys and Law Firms**

Benjamin S. Reifman, Nicholas S. Andrews, Liss Seder & Andrews, P.C., Bloomfield Hills, MI, for Plaintiffs.

Emily J. Prentice, Jonathan L. Marks, Ross O. Silverman, Katten Muchin Rosenman LLP, Chicago, IL, Timothy A. Holland, Secrest Wardle, Michael W. Slater, Plunkett Cooney, Grand Rapids, MI, for Defendant.

## REPORT AND RECOMMENDATION MOTION TO DISMISS COUNT II OF AMENDED COMPLAINT (Dkt. 149)

Michael Hluchaniuk, United States Magistrate Judge

*1 Defendant seeks to have Count II of plaintiffs' amended complaint dismissed. (Dkt. 149). Plaintiffs filed a response on March 22, 2012. (Dkt. 152). District Judge Arthur J. Tarnow referred this matter to the undersigned for report and recommendation on March 22, 2012. (Dkt. 154). On April 5, 2012, defendant filed a reply in support of its motion. (Dkt. 159). Because this issue was already decided in the December 16, 2011 Order Granting in Part and Denying in Part Motion to Amend Complaint (Dkt. 129), oral argument is unnecessary and the undersigned **RECOMMENDS** that the motion be **DENIED**.

By way of background, plaintiffs previously sought to amend the complaint to add counts for bad faith breach of fiduciary duties, bad faith breach of contract, intentional infliction of emotional distress, and invasion of privacy. (Dkt. 96-2). The Court allowed only the claim of bad faith breach of contract to go forward. (Dkt. 129). In the lengthy written decision on the motion to amend, the undersigned applied the "futility" standard, which essentially applies a Rule 12(b)(6) standard to a proposed amended complaint. Applying the futility/Rule 12(b)(6) standard to plaintiffs' proposed bad faith breach of contract claim—the very same claim defendant now seeks to have dismissed using the identical standard—the undersigned concluded that plaintiffs' claim was not futile. (Dkt. 129, Pg ID 2310).

Significantly, defendant did not file any objection to the order on the motion to amend. In an apparent attempt to get a second bite at the apple, defendant filed a motion to dismiss, essentially seeking reconsideration of the earlier decision, to which it failed to object.[1] This is not permitted under the law of the case doctrine. "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court in the same case." *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998). In a similar situation, Magistrate Judge Whalen denied a motion to amend a complaint to add claims that had been briefed by the parties in connection with a motion to dismiss and which were determined to be time-barred by the District Court. *Kalasho v. Republic of Iraq*, 2010 WL 4062212, *1 (E.D. Mich. 2010). The court observed that because it had already ruled on these issues, granting the plaintiff's motion to amend would violate the doctrine of law of the case, which "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.*, quoting *Arizona v. California*, 460 U.S. 605, 618 (1983). Indeed, "[i]ssues decided at an early stage of litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Coal Resources, Inc. v. Gulf & Western Industries, Inc.*, 865 F.2d 761, 766 (6th Cir. 1989).

*2 Here, there is no question that the undersigned clearly and expressly determined that plaintiffs' bad faith breach of contract claim was not futile, utilizing the very same legal standard that applies to this motion to dismiss. Defendant failed to object to that order. The ruling set forth in that order is now the law of the case. Additionally, in the view of the undersigned, defendant should not be permitted to circumvent the court rules and well-established law requiring it to file a timely objection to an order with which it disagrees. As set forth in the order on the motion to amend, a "party may not assign as error any defect in this Order to which timely objection

was not made." This is a rule with which defendant and its counsel are well-familiar. For these reasons, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**All Citations**

Slip Copy, 2012 WL 13005826

Footnotes

1   Notably, had defendant filed an objection to the order on the motion to amend the complaint, that decision would have been subject to a clearly erroneous standard of review. Yet, any recommendation on the merits of defendant's dispositive motion on this identical issue is subject to a *de novo* standard of review.

End of Document                                        © 2018 Thomson Reuters. No claim to original U.S. Government Works.