UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Margaret Cone,

    Plaintiff,

v.                                               Case No. 16-11306

Mark Tessler, *et al.*,                Sean F. Cox
                                                         United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings, that asks the Court to rule that Plaintiff's claims in this action are barred by res judicata. The parties have briefed the issues and the Court held a hearing on August 23, 2018. For the reasons below, the Court shall DENY the motion. As the party asserting the affirmative defense of res judicata, Defendants bear the burden of establishing all of the elements – including that the prior action was "an adjudication on the merits." Here, the prior action was dismissed for lack of standing. Because standing is jurisdictional, a dismissal for lack of standing precludes a ruling on the merits for purposes of res judicata.

## BACKGROUND

**I.    Litigation Prior To This Action**

This is the third civil action that has been filed that relates to the underlying dispute in this case.

1

**Case Number 14-13852, Assigned To Judge Murphy**

On October 6, 2014, the World Leadership Program Institute ("the Institute") filed suit in the United States District Court for the Eastern District of Michigan, based on federal-question jurisdiction. That suit was filed against the three Defendants in this case (Tessler, Jackson, and Howell), along with the Board of Regents of the University of Michigan, the Center for Political studies, and the Institute for Social Research. That case, Case Number 14-13852, was assigned to the Honorable Stephen J. Murphy.

The complaint included the following counts: 1) Breach of Contract, asserted against Tessler and Jackson (but not Howell); 2) Fraud and Misrepresentation asserted against all Defendants; 3) Unjust Enrichment, asserted against Tessler and Jackson (but not Howell); 4) Promissory Estoppel, asserted against Tessler and Jackson (but not Howell); and 5) a § 1983 claim for unlawful deprivation of property.

In an Opinion & Order issued on April 28, 2015, Judge Murphy dismissed the § 1983 claim as barred by the applicable statute of limitations. Having dismissed the only federal claim in the action, Judge Murphy declined to exercise supplemental jurisdiction over the remaining state-law claims and dismissed those claims without prejudice.

**The 2015 State-Court Litigation**

Acting through counsel, on June 30, 2015, the Institute filed a lawsuit in state court against Defendants Mark Tessler, Sherman Jackson, Nancy Burns, and David Howell.

The complaint alleged that the Institute is "a District of Columbia not for profit organization" (*Id.* at ¶ 8), and that a woman named Margaret Cone is the founder of the Institute. (*Id.* at ¶ 16). It alleges that the Institute is "an educational program whose mission is to give

emerging religious scholars and leaders from the Middle East and the United States the opportunity to study, interact with one another, and enrich their mutual understanding through language and dialogue." (*Id*. at ¶ 1). Cone *was not* named as a plaintiff in the action.

In its complaint, the Institute asserted four counts against Defendants: 1) breach of contract; 2) Fraud and Misrepresentation; 3) unjust enrichment; and 4) promissory estoppel. (*See* state-court complaint, D.E. No. 54-3). All of those claims center on an alleged agreement Defendants had with the Institute to host a program at the University of Michigan's International Institute.

All of the Defendants in that action filed motions for summary disposition. In those motions, the parties asserted that the claims against them should be dismissed for several reasons, including that the sole named plaintiff in the action (the Institute) has no standing to bring the claims in the complaint because it did not even exist at the time of the alleged contract. (D.E. No. 60-4) (summary disposition hearing transcript, wherein Defense Counsel argued there was "one unified issue that is a defense" for all of the Defendants "and that is that the plaintiff doesn't have standing to bring this case.")

In response to the motion, the Institute did not seek leave to file an amended complaint. Rather, the Institute filed responses opposing those motions, affirmatively asserting that it is the proper party to the suit. (D.E. No. 60-3).

The trial court heard oral argument on the motions. (D.E. No. 60-4). During oral argument, the Institute's Counsel acknowledged on the record that Margaret Cone is a licensed Michigan attorney and that she set up and managed both the Institute and another entity called East West Learning Initiative, Inc. (*Id.* at Pg ID 1644-45).

3

At the hearing, Defense Counsel argued that the Institute "doesn't have standing to bring this case because the [named] plaintiff did not exist at the time of any of the alleged actions." (*Id*. at Pg ID 1641). The trial court ultimately agreed with Defendants on the standing issue and declined to consider any of the Defendants' other arguments in their motions. (D.E. No. 60-4 at Pg ID 1648-49) (finding that plaintiff failed to establish standing).

In an Order issued on November 4, 2015, the trial court granted Defendants' motions for summary disposition, "for the reasons stated on the record," and dismissed the claims against Defendants *with prejudice*. In addition, the trial court ordered the Institute to pay Defendants $5,000.00 "in sanctions for filing a frivolous case." (D.E. No. 54-4).

Thereafter, the Institute filed a Motion for Reconsideration. (D.E. No. 54-5). That motion asked the Court to reverse the sanction award and allow Plaintiff to file an amended complaint in order to name a different plaintiff. The trial court denied that motion and the Institute appealed.

The Michigan Court of Appeals affirmed the trial court's rulings in an unpublished opinion issued on February 9, 2017. (D.E. No. 54-6). In doing so, the appellate court noted that the Institute did not seek leave to file an amended complaint until its motion for reconsideration.

**This Case**

On April 8, 2016, Plaintiff Margaret Cone filed this action against Tessler, Jackson, and Howell, based on diversity jurisdiction. Plaintiff's original complaint includes three counts: 1) Breach of Contract (Count I); 2) Fraudulent Misrepresentation (Count II); and Promissory Estoppel/Unjust Enrichment (Count III). The complaint is quite lengthy and details the alleged

4

failed relationship among the parties.

On December 13, 2017, Defendants filed the pending "Joint Motion for Judgment on the Pleadings" (D.E. No. 54).

**ANALYSIS**

"A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state." *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002). Accordingly, as the parties recognize in their briefs, the Court must look to Michigan law to determine whether Cone's claims are barred by res judicata. *AuSable River Trading Post, LLC v. Dovetail Solutions, Inc.*, 874 F.3d 271, 274 (6th Cir. 2017).

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v. State*, 470 Mich. 105, 121 (2004).

Under Michigan law, a second, subsequent action is barred by res judicata when: 1) the prior action was decided on the merits; 2) both actions involve the same parties or their privies; and 3) and the matter in the second case was, or could have been, resolved in the first. *Id.* (citing *Adair, supra*).

In response to the pending motion, Plaintiff asserts that Defendants cannot establish res judicata because they cannot establish the first or second elements. Plaintiff asserts that a dismissal for lack of standing is not a determination on the merits for purposes of res judicata. She further asserts that Defendants cannot establish that the Institute was in privity with Plaintiff for purposes of res judicata and asserts other arguments as well.

The Court need not proceed past the first element, however, because the Court concludes that Defendants have not shown that a dismissal for lack of standing is a decision on the merits for purposes of res judicata under Michigan law.

It is well-established that the party asserting the affirmative defense of res judicata bears the burden of proof. *Sloan v. City of Madison Heights*, 425 Mich. 288, 296 (1986). Thus, Defendants bear the burden of establishing all of the above elements.

Defendants acknowledge that "[i]n order for the present case to be barred by the resolution of the 2015 Washtenaw Circuit Court case the prior action must have been *adjudicated on the merits*." (Defs.' Br. at 12) (emphasis added). Defendants then take the position that because the action was dismissed with prejudice, the dismissal operates as an adjudication on the merits. But Defendants gloss over the fact that the district court granted summary disposition in Defendants' favor because the court agreed with Defendants that the Institute lacked standing to bring the action, and the court expressly declined to consider the merits of any of their other challenges. Thus, the action was dismissed for lack of standing.

Defendants have not directed the Court to any Michigan cases wherein a dismissal for lack of standing has been found to be an adjudication on the merits with respect to a subsequent case brought by another named plaintiff.

The parties have not directed the Court to any decisions wherein Michigan courts have addressed this precise issue.

But various other courts have addressed it, concluding that a dismissal for lack of standing is not an adjudication on the merits for purposes of res judicata. *See, e.g., Media Tech. Lic., LLC v. Upper Deck Co.*, 334 F.3d 1366, 1370 (Fed. Cir. 2003) ("Because standing is jurisdictional, lack of standing precludes a ruling on the merits" for purposes of res judicata.); *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1361 (Fed. Cir. 2010) ("To the extent that the dismissal in the original action was for lack of standing, there is no res judicata bar to a second action by a party

6

with proper standing"); *Wisznia v. City of Albuquerque*, 135 F. App'x 181, 186-87 (10th Cir. 2005) (rejecting res judicata defense and explaining that although a dismissal with prejudice is generally considered an adjudication on the merits, "a dismissal for lack of standing is not considered to be on the merits, even if the order of dismissal nominally states otherwise" because a dismissal for lack of standing is jurisdictional, and the same is true of a dismissal on the ground of mootness); *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (explaining that under Ohio law, dismissals for want of standing do not have preclusive effect for purposes of res judicata and reversing res judicata ruling, even though order purported to dismiss prior action "with prejudice").

Conversely, this Court has not found any cases wherein a court has ruled that a dismissal for lack of standing is considered a decision on the merits for purposes of res judicata in a subsequent action brought by a different party.

And there is no reason to believe that Michigan courts would take such a position. In diversity cases like this, the court applies state law in accordance with the decisions of the state's supreme court. *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys, Inc*., 249 F.3d 450, 454 (6th Cir. 2001). If a state's supreme court has yet to address the issue in question, the federal court anticipates how that court would rule. *Id*.

Michigan courts, including the Michigan Supreme Court, have expressed agreement with the well-established premise that "[s]tanding does not address the ultimate merits of the substantive claims of the parties." *Detroit Fire Fighters Ass'n v. City of Detroit*, 449 Mich. 629, 633 (1995). That is because "[s]tanding is a *jurisdictional issue* that concerns the power of a court to hear and decide a case and *does not concern the ultimate merits* of the underlying

7

substantive issues of the action." *Id.* n.3 (emphasis added).

Moreover, consideration of Michigan's court rule on involuntary dismissals, MCR 2.504(B)(3), also weighs against acceptance of the Defendants' res judicata defense under the unique circumstances of this case. It provides that:

> (3) Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205*, operates as an adjudication on the merits.

MCR 2.504(B)(3) (emphasis added). Thus, that rule "provides a trial court with discretion to dismiss a case with or without prejudice with two exceptions:" 1) lack of jurisdiction; and 2) failure to join a party under MCR 2.205. *Snyder v. State Farm*, 2007 WL 1206783 at *3 (Mich. App. 2007). When a case is dismissed on either of those two grounds, the dismissal must be without prejudice.

Here, the state court dismissed the prior action because the Institute lacked standing to bring the action. As such, it was dismissed for lack of jurisdiction, and the dismissal was to be without prejudice pursuant to MCR 2.504(B)(3). As such, the Court finds that the dismissal is not a decision on the merits for purposes of res judicata.

## CONCLUSION & ORDER

Accordingly, the Court ORDERS that Defendants' Motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: August 28, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2018, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy
                                              Case Manager